Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 281 | **DATE** | April 8, 2002 |
| **CASE TITLE** | *Wilson v. McRae's d/b/a Carson Pirie Scott* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Carson Pirie Scott's motion to dismiss [19-1] is granted in part and denied in part. Specifically, the motion to dismiss Count II (§ 1982) is denied, and Count IV (defamation) is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 10 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 25 |
| ✓ | Copy to judge/magistrate judge. | | | |
| | RTS | courtroom deputy's initials | 02 APR 10 AM 7:23 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK WILSON, )
    Plaintiff, )
     )
    v. ) 01 C 281
     )
McRAE'S, INC., d/b/a CARSON PIRIE )
SCOTT & CO., )
    Defendant. )

DOCKETED
APR 1 0 2002

## MEMORANDUM AND ORDER

On January 15, 1999, plaintiff Mark Wilson decided to shop for bed sheets at defendant McRae's State Street store, which does business as Carson Pirie Scott. He ended up getting arrested for allegedly shoplifting (the charges were later dismissed), and this suit followed. Carson Pirie Scott has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss Wilson's 42 U.S.C. § 1982 claim (Count II) and his defamation claim (Count IV). For the following reasons, Carson Pirie Scott's motion to dismiss is denied with respect to Count II and granted with respect to Count IV.

### I. Background

The following allegations are drawn from Wilson's second amended complaint. On January 15, 1999, Wilson purchased some bed sheets at Linens and Things and decided to do some comparison shopping at Carson Pirie Scott's flagship State Street store. Dissatisfied with the selection there, he attempted to exit the store with his Linens and Things bag in hand. That bag contained bed sheets and a Linens and Things receipt.

In the meantime, Carson Pirie Scott's loss control personnel told the store security to stop Wilson because they had seen him place the store's sheets into his bag. Security detained Mr. Wilson even though he showed them his Linens and Things receipt. Carson Pirie Scott

ultimately contacted the Chicago Police Department and one of its employees signed a criminal complaint against Wilson for retail theft. Wilson was taken into custody and later released on bond.

According to Wilson, Carson Pirie Scott acted under color of state law when its employees took the actions described above because it had a "pre-arranged retail theft detention plan" whereby the police would arrest individuals based solely on a criminal complaint charging an alleged shoplifter with retail theft, without conducting any independent investigation as to whether probable cause supported the arrest. Wilson's second amended complaint alleges a violation of 42 U.S.C. § 1983 (Count I), 42 U.S.C. § 1982 (Count II), and that he was falsely arrested and imprisoned (Count III) and defamed (Count IV). Wilson's original complaint sought relief under § 1983 and claimed that Carson Pirie Scott had falsely arrested and imprisoned him as well as engaged in willful and wanton misconduct.

The original complaint was timely. However, both of Wilson's amended complaints were filed after the statute of limitations had expired. In its motion to dismiss, Carson Pirie Scott claims that Wilson's § 1982 and defamation claims are time-barred because they do not relate back to the claims in the original complaint.

## II. Discussion

### A. Standard of Review

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir.1992); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th

2

Cir.1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir.1991), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992).

### B. Carson Pirie Scott's Motion to Dismiss Count II (§ 1982) and Count IV (Defamation)

The parties agree Wilson first sought relief under § 1982 after the statute of limitations for such a claim had expired. Wilson nevertheless contends that his § 1982 claim is timely because it relates back to the date of his original complaint. *See* Fed. R. Civ. P. 15(c) ("an amendment of a pleading relates back to the date of the original pleading when... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"). It is well established that "an amended complaint in which the plaintiff merely adds legal conclusions or changes the theory of recovery will relate back to the filing of the original complaint if 'the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by

the original pleading.'" *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (internal citations omitted).

Wilson's § 1982 claim fits within this relatively undemanding standard. First, it is based on the same factual scenario outlined in Wilson's original complaint. *See id.* In fact, the fact section of the second amended complaint (¶¶ 8-20) is identical to the fact section in the original complaint (¶¶ 6-18). Furthermore, Count II does not add any new factual allegations. *See id.* Instead this count merely alleges a new ground for relief, using the exact same events delineated in the original complaint. It thus does no more than add legal conclusions and a new theory of recovery. Finally, the addition of Count II will not prejudice Carson Pirie Scott because it received notice of the events that gave rise to the claim in the original complaint. *Id.* at 933, n.4. Therefore, the motion to dismiss Count II is denied.

With respect to Count IV, Wilson has conceded that his defamation claim is untimely. (Plaintiff's Response at 4). Accordingly, Count IV is dismissed with prejudice.

### III. Conclusion

For the foregoing reasons, Carson Pirie Scott's motion to dismiss [19-1] is granted in part and denied in part. Specifically, the motion to dismiss Count II (§ 1982) is denied, and Count IV (defamation) is dismissed with prejudice.

DATE: 4-8-02

Blanche M. Manning
U.S. District Court Judge

01cv281.md

4